Case 4:15-cv-03306   Document 12   Filed in TXSD on 03/17/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER CORTEZ (A#205-106-985) | § | |
| | § | |
| vs. | § | CIVIL ACTION H-15-3306 |
| | § | |
| LORETTA E. LYNCH, *et al.* | § | |

**ORDER**

Pending before the court is petitioner Francisco Javier Cortez's petition for writ of habeas corpus under 28 U.S.C. § 2241. On December 2, 2015, the court held an emergency hearing on Cortez's petition. After considering the petition, response, oral arguments, and applicable law, the court is of the opinion that Cortez's petition should be DENIED and the case DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

Francisco Cortez is a twenty-six (26) year old native and citizen of Mexico. Dkt. 1 at 2. Cortez was brought to the United States without inspection on or around September 1, 1996, and has lived in the U.S. since then. *Id*. On January 22, 2012, Cortez was arrested in Brazos County, Texas, for possession of marijuana and drug paraphernalia and was released on bond on January 23. *Id*. On June 3, 2015, Cortez was convicted of the 2012 drug charges, along with driving while intoxicated ("DWI"), which he committed on April 16, 2014. *Id*. at 3. For the DWI, Cortez was sentenced to 365 days in jail, probated for two years; for the drug convictions, he was sentenced to a fine of $500 and received two years of deferred adjudication probation. *Id*. at 3. On July 24, 2015, Cortez was detained by the Department of Homeland Security ("DHS") and placed in removal proceedings. *Id*.

On August 26, 2015, Cortez's bond motion before an Immigration Judge in the detention center in Houston, Texas was denied for lack of jurisdiction. *Id.* at 4. On October 2, 2015, the Immigration Judge denied Cortez's motion for bond redetermination, finding that Cortez was subject to mandatory detention. *Id*. Although Cortez filed an appeal to the Board of Immigration Appeals (the "BIA"), no final decision has been issued. Dkt. 2 at 4. Cortez claims that his current appeal to the BIA is futile because the matters presented have already been resolved by the BIA contrary to Cortez's position. *See Matter of Kotliar*, 24 I & N Dec. 124 (BIA 2007); *Matter of Rojas*, 23 I & N Dec. 1117 (BIA 2001); *Matter of West* 22 I & N Dec. 1405 (BIA 2000).

On November 10, 2015, Cortez filed a petition for a writ of habeas corpus and motion for emergency hearing. Dkt. 2. On December 2, the court held an emergency hearing on Cortez's petition.

## II. LAW AND ANALYSIS

Cortez claims that he should not be subject to mandatory detention under 8 U.S.C. § 1226(c) for two reasons: (1) he was not detained by DHS immediately upon release; and (2) he was never "released" because he was sentenced to probation rather than jail time.

### A. Mandatory Detention Applies Even if the Detention is not Immediate

Title 8 U.S.C. § 1226(c) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who. . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title. . . when the alien is released." Cortez does not dispute that his conviction relating to a controlled substance falls under § 1182(a)(2). Rather, Cortez argues that the mandatory detention statute applies only where an alien is detained by DHS immediately after being released. Dkt. 2 at 7.

In *Matter of Rojas*, the BIA considered whether § 1226(c)(1) applied where an alien had been convicted of a qualifying offense under the statute, but DHS did not take the alien into custody immediately after his release from criminal custody. 23 I. & N. Dec. 117 (BIA 2001). The BIA held that § 1226(c)(1) applies even where the alien is not immediately detained after release. *Id*. at 121. The court interpreted the "when the alien is released" clause as identifying the initial point when DHS's duty to take a criminal alien into custody arises, rather than describing the set of criminal aliens subject to mandatory detention. *Id*. Based on that interpretation, the BIA rejected any timing requirement for immigration detention under § 1226(c). *Id*.

The Fifth Circuit has not yet ruled on this issue. However, several courts of appeals have followed the BIA's decision. *Lora v. Shanahan*, 804 F.3d 601, 613 (2d Cir. 2015) (stating that "we join the Third, Fourth, and Tenth Circuits in holding that DHS retains its authority and duty to detain an alien even if not exercised immediately upon the alien's release"); *Olmos v. Holder*, 780 F.3d 1313, 1327 (10th Cir. 2015) (holding that the alien was not entitled to a bond hearing because the court must defer to the BIA's interpretation of § 1226(c), and because the Attorney General was required to keep the alien in detention even if there had been a gap in custody); *Sylvain v. Att'y Gen. of the United States*, 714 F.3d 150, 157 (3d Cir. 2013) (stating that the Government does not lose its § 1226(c) mandatory detention authority if it fails to detain an alien immediately upon release from state custody); *Hosh v. Lucero,* 680 F.3d 375, 381 (4th Cir. 2012) (concluding that a criminal alien "who is detained *after* that exact moment [of release from other custody] is not exempt from mandatory detention").

The court acknowledges that some district courts have held that § 1226(c) is clear and unambiguous and requires DHS to immediately detain an alien when released in order for the mandatory detention statute to apply. *See generally Christie v. Elwood*, No. CIV. 11-7070 FLW,

2012 WL 266454 (D.N.J. Jan. 30, 2012) (granting petitioner a writ of habeas corpus when DHS detained him twelve years after his release from criminal incarceration); *Bracamontes v. Desanti*, No. 2:09CV480, 2010 WL 2942760 (E.D. Va. June 16, 2010); *Khordr v. Adduci*, 697 F. Supp. 2d 774 (E.D. Mich. 2010); *Garcia v. Shanahan*, 615 F. Supp. 2d 175 (S.D.N.Y. 2009).

However, the court agrees with the Second Circuit's approach and holding in *Shanahan*. 804 F.3d at 613. In that case, the court applied the standard two-step *Chevron* inquiry to evaluate the BIA's interpretation of § 1226(c). *Id*. at 611 (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984)). For the first step, the court concluded that the "when. . . released" language in section 1226(c) is ambiguous as to whether detention must be immediate in order to be mandatory. *Id*. at 611 ("[W]e have little trouble concluding that it is ambiguous whether 'when . . . released' should be given the 'duty-triggering' construction or the 'time-limiting' construction."). Because the court found that section 1226(c) was ambiguous, for step two the court "consider[ed] whether the BIA's interpretation of section 1226(c) [was] permissible and thus entitled to *Chevron* deference." *Id*. at 611. After thoroughly analyzing the BIA's approach to resolving the ambiguity, the court concluded that the BIA's interpretation was not "arbitrary, capricious, or manifestly contrary to the statute." *Id*. at 612. As the court noted, "'[i]t is difficult to conclude that Congress meant to premise the success of its mandatory detention scheme on the capacity of [DHS] to appear at the jailhouse door to take custody of an alien at the precise moment of release.'" *Id*. at 612 (quoting *Rojas*, 23 I. & N. Dec. at 128). Because § 1226(c) is ambiguous and the BIA's interpretation is not arbitrary, capricious, or manifestly contrary to the statute, the *Chevron* doctrine requires deference to that interpretation.

### B. Mandatory Detention Applies to Cortez's Pre-Conviction Release

Next, Cortez argues that only a post-conviction release from imprisonment constitutes a

4

"release" for purposes of applying mandatory detention under § 1226(c)(1). Dkt. 2 at 20. Cortez was arrested on January 22, 2012 for drug charges and then released on bond the following day. On June 3, 2015, Cortez was convicted of the 2012 drug charges, along with the DWI charge that he committed on April 16, 2014, for which he received deferred adjudication and probation. Cortez was detained by DHS while serving the terms of his probation on July 24, 2015.

The BIA has held that release following arrest satisfies the release requirement under § 1226(c)(1). *See In re West*, 22 I. & N. Dec. 1405, 1410 (BIA 2000) (holding that "released" in this context can also refer to release from physical custody following arrest when the respondent was arrested and released on bond). The BIA has also held that an alien who did not serve time in incarceration and was apprehended from his home while on probation was subject to mandatory detention. *Matter of Koliar,* 24 I. & N. Dec. 124, 125 (BIA 2007).

The Third Circuit has adopted the BIA's holding that a pre-conviction release after arrest satisfies § 1226(c)'s release requirement. *See Gonzalez-Ramirez v. Sec'y of U.S. Dep't of Homeland Sec.*, 529 F. App'x 177, 181 (3d Cir. 2013) (holding that a criminal alien's release from pre-conviction custody fulfilled the release requirement for triggering mandatory detention); *see also Sylvain*, 714 F.3d 150 at 161 (holding that petitioner's "release from the 2007 arrest that led to his conviction and conditional discharge certainly fulfilled the release requirement"). Additionally, the Third Circuit has rejected the argument that an alien is not subject to mandatory detention when he is sentenced only to probation. *See Desrosiers v. Hendricks*, 532 F. App'x 283, 285 (3d Cir. 2013) (holding that the language in 1226(c) "clearly contemplates convictions resulting in probationary sentences"). The Second Circuit has reached the same conclusion. *See Shanahan*, 804 F.3d at 610 (holding that "an alien who has been convicted of a qualifying crime under section 1226(c) is subject to mandatory immigration detention, whether he is sentenced to a prison term or to probation").

The court agrees with the Second and Third Circuits' interpretation. Accordingly, Cortez's release from the 2012 arrest that led to this conviction satisfies the release requirement.

### III. CONCLUSION

Because the Court finds that § 1226(c) is ambiguous, the court will defer to the BIA's permissible interpretations allowing for Cortez's continued mandatory detention. Accordingly, Cortez's petition is DENIED and the case is DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on March 17, 2016.

_____
Gray H. Miller
United States District Judge